STATE OF WEST VIRGINIA

**Arnold Harrison,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0381**    (Kanawha County 14-C-1154)

**Porsche Cars North America, Inc.,**
**Defendant Below, Respondent**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Arnold Harrison, by counsel John H. Skaggs, appeals the April 1, 2015, order of the Circuit Court of Kanawha County that dismissed his amended complaint against Respondent Porsche Cars North America, Inc. ("Porsche"), in which he alleged claims of deceptive trade practices, breach of implied warranty of merchantability, and property damage due to product defect (i.e., strict liability). Porsche, by counsel Michael Bonasso, Nathaniel K. Tawney, and Philip A. Reale, II, filed a response. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 15, 2003, petitioner, a resident of Kanawha County, West Virginia, purchased a 2003 Porsche Carrera 4S Coupe from an approved Porsche dealer in Texas. He alleges that, on September 8, 2013, while he was operating the vehicle in a reasonably foreseeable manner, the vehicle suffered engine failure resulting in a complete loss of power. The vehicle was left inoperable, but was eventually repaired. It was ten years and three months old and had 53,000 miles on it. Petitioner avers that the breakdown of the vehicle was due to the failure of the intermediate drive shaft and bearing. According to petitioner, the repair of the engine cost $23,000. Petitioner does not allege that he suffered any physical injury as a result of the vehicle's alleged defect.

Petitioner filed his original complaint in the Circuit Court of Kanawha County on June 26, 2014, in which he alleged breach of express warranty; deceptive trade practices under West Virginia and Texas consumer protection laws; and breach of implied warranty of merchantability. Porsche filed a motion to dismiss petitioner's complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, or, in the alternative, a motion for summary judgment. A hearing on the motion was conducted on October 16, 2014. By order entered November 3, 2014, the parties agreed that petitioner would voluntarily dismiss, with prejudice,

1

his breach of express warranty claim. Thereafter, on November 20, 2014, the circuit court entered an order that granted petitioner's motion to amend his complaint and also ordered that Porsche's previously filed motion to dismiss be held in abeyance.

On December 10, 2014, petitioner filed an amended complaint in which he alleged deceptive trade practices under West Virginia and Texas consumer protection laws, breach of implied warranty of merchantability, and property damage due to product defect (i.e., strict liability). Porsche filed a second motion to dismiss, which was granted by order entered April 1, 2015. This appeal followed.

"'Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Collins v. Heaster,* 217 W.Va. 652, 619 S.E.2d 165 (2005). To the extent this matter may be deemed one of statutory interpretation, our review is likewise de novo. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) (holding that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). With these principles in mind, we now address the circuit court's April 1, 2015, dismissal order.

In count one of his amended complaint, petitioner alleged that Porsche engaged in deceptive trade practices by knowingly concealing the fact that the vehicle and engine were defective or would fail prematurely and were not suitable for their intended use. Petitioner further alleged that, in failing to disclose the engine defect, Porsche knowingly concealed material facts regarding the merchantability of the vehicle, in violation of the West Virginia Consumer Credit Protection Act ("WVCCPA") and the Texas Deceptive Trade Practices Act ("TDTPA"). Petitioner's first assignment of error involves whether he provided sufficient notice of his intent to sue under these statutes as required under West Virginia and Texas law.

West Virginia Code § 46A-6-106(b) requires that "no action may be brought pursuant to the provisions of this section until the consumer has informed the seller . . . in writing and by certified mail of the alleged violation and provided the seller . . . twenty days from receipt of the notice of violation to make a cure offer . . . ." *Id*, in relevant part.[1] *See Stanley v. Huntington Nat'l Bank*, No. 1:11CV54, 2012 WL 254135, at *7 (N.D.W.Va. Jan. 27, 2012) (stating that plaintiff's failure to comply with notice requirements set forth in West Virginia Code § 46A-6-106(b), which are "mandatory prerequisites to filing suit," barred plaintiff from bringing consumer protection claim). Similarly, the applicable Texas statute provides that, "[a]s a prerequisite to filing a suit seeking damages . . . a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint . . . ." Tex. Bus. & Com. Code § 17.05.

The circuit court concluded that petitioner failed to state a claim upon which relief could be granted because he failed to plead that he provided the requisite statutory notice to Porsche of the potential claims prior to filing his amended complaint. According to the circuit court, in his

---

[1] West Virginia Code § 46A-6-106 was amended in 2015; the amended version does not apply to the present case.

response to Porsche's motion to dismiss, petitioner admitted that "he did not specifically notify [Porsche] of the alleged violation of the WVCCPA, and/or describe 'in reasonable detail' his specific complaint as required under the TDTPA," prior to filing his amended complaint. Petitioner now argues that, to the contrary, he submitted to Porsche a written notice that he was "opting out" of a class action that involved the same engine failure that is the subject of the instant claim and that this constituted adequate notice of his intent to sue such that dismissal of his deceptive trade practices claims under West Virginia and Texas law was in error.

The circuit court concluded that petitioner failed to plead that he provided Porsche with the requisite statutory notice of his intent to sue. Petitioner argues that, following the filing of his amended complaint, Porsche filed a motion for summary judgment and that, in his response thereto, petitioner "clearly stated, 'The plaintiff will incorporate by reference his response to the motion to dismiss previously filed[,]'" apparently referring to the copies of his opt-out notice and an affidavit he executed explaining the same, both of which were attached to his response to Porsche's motion to dismiss. Petitioner thus contends that he "clearly argued that the opt-out was adequate notice in the pleadings and at hearing." Assuming that these facts support a finding that petitioner pleaded that he provided the requisite notice to Porsche,[2] the issue remains as to whether the written opt-out notice petitioner sent to Porsche on October 11, 2013, satisfied the specific statutory requirements set forth in the applicable West Virginia and Texas statutes. We find that it does not.

According to petitioner, he had previously been provided a notice of the pendency of a class action settlement involving engine failure of Porsche vehicles such as the one he owned. On October 11, 2013, petitioner submitted to Porsche a written notice in which he "request[ed] exclusion from the settlement[;]" the notice also "specifically state[d] that I desire to be excluded from the settlement class."[3] Petitioner argues that this notice was sufficient because neither the West Virginia nor Texas statutes "specifies a precise form for the notice[,]" that "[i]t is difficult to imagine a more specific statement of intent to sue than opting out of the class settlement, with the information required by the opt-out form[;]" and that "the opt-out form as prescribed by the Class Action is specific to the defect alleged here, that is the failure of the intermediate drive shaft." We are not persuaded by petitioner's argument.

---

[2] *See Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008) (explaining that "in ruling upon a motion to dismiss under Rule 12(b)(6), a court may consider, in addition to the pleadings, documents annexed to it, and other materials fairly incorporated within it. This sometimes includes documents referred to in the complaint but not annexed to it.) (quoting Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 348 (3d ed. 2008).).

[3] Under the terms of the class action settlement, a vehicle owner was not entitled to any payment or reimbursement for qualifying damage if the vehicle was more than ten years old or after 130,000 total miles on the vehicle, whichever occurred first. In petitioner's case, although the vehicle had less than 130,000 miles, the vehicle was ten years, three months old at the time of the engine failure. Thus, it appears that petitioner attempted to opt-out of a settlement from which, admittedly, he would not have been entitled to benefit in any event.

3

The applicable West Virginia statute requires that, before an action may be brought pursuant to the provisions of West Virginia Code § 46A-6-106, the consumer must first inform the seller "in writing and by certified mail of the alleged violation" of the statute; similarly, the Texas statute requires the consumer to give at least sixty days written notice to the seller advising it "in reasonable detail of the consumer's specific complaint." Tex. Bus. & Com. Code § 17.05. Petitioner's simple request to be excluded from the class action settlement—from which he admittedly would not have benefited in the first place—does not comply with any of these statutory requirements. Indeed, petitioner points to nothing in the class action settlement notice that equates "opting out" with an "intent to sue" for deceptive trade practices, nor does he cite to any legal authority in support of such an argument. Petitioner admitted during the hearing on the motion to dismiss that opting out of the settlement simply gave a consumer *the right* to sue and that that is only one of many reasons for opting out. Therefore, we find that the circuit court did not err in dismissing petitioner's deceptive trade practices claim.[4]

In his next assignment of error, petitioner argues that the circuit court erred in holding that his claim for breach of implied warranty of merchantability was time barred even though it was filed less than two years after discovery of the defect. The circuit court concluded that this claim, as alleged in count two of the amended complaint, was governed by the West Virginia Uniform Commercial Code ("WVUCC"). Pursuant to the WVUCC,

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

---

[4] Petitioner also argues that the circuit court erred by failing to apply the abatement provision of the Texas statute upon its finding that notice was not provided as required by statute. *See* Tex. Bus. & Com. Code § 17.05(d) (providing, in part, that "[t]he court shall abate the suit if the court, after a hearing, finds that the person is entitled to an abatement because notice was not provided as required by this section.") This argument has been waived as petitioner failed to raise it before the circuit court in response to Porsche's contention that petitioner failed to comply with the notice of intent to sue provisions under Texas law. *See* Syl. Pt. 5, *State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W.Va. 252, 719 S.E.2d 722 (2011) (holding that "'"[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syllabus Point 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958).' Syllabus point 2, *Duquesne Light Co. v. State Tax Department,* 174 W.Va. 506, 327 S.E.2d 683 (1984).").

W.Va. Code 46-2-725(1) and (2). The circuit court concluded that petitioner's property damage claim

> arises solely out of the contract between himself and Porsche for the sale of his automobile created in May 2003. By its plain reading, [Petitioner] was required to bring his warranty claims against Porsche within four years of delivery of the vehicle, or prior to May 2007. Further, even if it could be argued that the limited exception to the statute of limitations pursuant to W.Va. U.C.C. § 46-2-725(2) applies for warranty of future performance, the statute of limitations, at the latest, would have run in May 2011 and still has not been met.

On appeal, petitioner argues that this case falls within the exception provided for in West Virginia Code § 46-2-725(2)—that an exception to the four-year statute of limitations applies "where a warranty *explicitly* extends to future performance of the goods." *Id.* in relevant part. (Emphasis added). According to petitioner, "Porsche[,] through its advertising, statements in promotional material, and other means[,] warrants a certain high level performance of its vehicles, not only at the time of delivery, but throughout the period of ownership." Thus, rather than argue that Porsche breached an *implied* warranty, petitioner argues that Porsche created, and then breached, an *express* warranty such that the exception to the statute of limitations provided for in West Virginia Code § 46-2-725(2) applies. Without determining whether an express warranty was created and/or breached, we find petitioner's argument to be without merit. As previously noted, petitioner's claim for breach of express warranty, as alleged in the original complaint, was voluntarily dismissed, with prejudice, by order entered November 20, 2014.[5] Thus, the circuit court did not err in dismissing petitioner's claim for breach of implied warranty of merchantability.[6]

---

[5] Petitioner's claims for deceptive trade practices and breach of implied warranty of merchantability are statutory in nature. As the circuit court correctly pointed out, petitioner did not allege in his amended complaint a separate claim for fraud. Nonetheless, the circuit court's order inexplicably addressed the issue of fraud and ruled that such claim had "not been stated with the requisite particularity to state a claim for which relief can be granted [as required under Rule 9 of the West Virginia Rules of Civil Procedure]. . . . and as such there is no valid claim that could serve to toll the statute of limitations." The circuit court's ruling in this regard was not raised by petitioner as an assignment of error; however, in his reply brief, petitioner argues that he pled fraud with particularity, making reference to allegations made in connection with his deceptive trade practices claims under West Virginia and Texas consumer protection statutes. Given that petitioner did not properly raise a fraud claim in his amended complaint, dismissal under Rule 12(b)(6) was not in error.

[6] Petitioner also argues that dismissal of his breach of implied warranty claim under Texas law was improper because Texas courts have applied the discovery rule to such claims. However, our review of the amended complaint reveals that, in count two of his amended complaint, petitioner failed to allege, or otherwise make reference to, a violation of Texas law governing the implied warranty of merchantability. We further note that, during the October 16, (continued . . .)

In count three of his amended complaint, petitioner alleged property damage due to product defect—that "[t]he failure of the middle drive shaft was the result of a product defect in the design and manufacture of the [intermediate drive shaft], as set forth [elsewhere in the amended complaint]. This Count seeks recovery for damages to property pursuant to *Star Furniture Co. v. Pulsaski*, [171 W.Va. 79,] 297 S.E.2d 854 [(1982)]."[7] In its Rule 12(b)(6) order, the circuit court concluded that petitioner's allegations were not sufficient to establish a "sudden calamitous event" under *Star Furniture*, which held that "[p]roperty damage to defective products which results from a sudden calamitous event is recoverable under a strict liability cause of action. Damages which result merely because of a 'bad bargain' are outside the scope of strict liability." *Id.* at syl. pt. 3, in part. The circuit court explained that "'a sudden calamitous event' requires more than simple inconvenience, such as . . . in this case,[,] an engine failure that was able to be repaired[], but rather destruction of the entire product, before recovery could be made under a strict liability theory." *See also Capitol Fuels v. Clark Equip.*, 181 W.Va. 258, 260, 382 S.E.2d 311, 313 (1989) (stating that, under the "bad bargain" concept as stated in *Star Furniture*, "the fact that the product may be flawed or defective, such that it does not meet the purchaser's expectations or is even unusable because of the defect, does not mean that he may recover the value of the product under a strict liability in tort theory. The purchaser's remedy is through the Uniform Commercial Code. In order to recover . . . the damage to the product must result from a sudden calamitous event attributable to the dangerous defect or design of the product itself.").

Petitioner argues that the circuit court erred in ruling that West Virginia law requires "complete destruction" of the personal property before a claim will lie under *Star Furniture Co.* Petitioner argues that no such requirement exists and that, even if it did, "complete destruction" creates a legal standard that can never be met and is ambiguous. Rather, petitioner argues, to recover for a strict liability claim under *Star Furniture* and its progeny, "the damage to the product must result from a sudden calamitous event attributable to the dangerous defect or design of the product itself." *Capitol Fuels*, 181 W.Va. at 260, 382 S.E.2d at 313. He contends that, in this case, it is "self-evident" that the "self-destruction of an engine, rendering a complete loss of control of the vehicle[,] is dangerous" and "[t]he breakdown and complete loss of an engine and all power is sudden and a calamity."

---

2014, hearing on Porsche's motion to dismiss, counsel for Porsche pointed out to petitioner and the circuit court that petitioner failed to plead a claim under Texas warranty law in his original complaint. Nonetheless, in his amended complaint filed thereafter, petitioner again failed to plead a violation of the applicable Texas statute. Because we find that petitioner's failure to raise the claim in his amended complaint is dispositive of the issue, we need not address it in this appeal.

[7] Under *Star Furniture*, "[s]trict liability in tort may be used to recover for property damage when the defective product damages property only[,]" 171 W.Va. at 80, 297 S.E.2d at 855, syl. pt. 1, including for "damage to property other than the defective product." *Id.* at syl. pt. 2, in part.

6

Based upon our review of the record before us, we find no error. Petitioner alleged that the faulty design of the intermediate bearing caused the intermediate drive shaft to be "subject to metal fatigue and deterioration," which caused a chain of events that ultimately led to the loss of power in petitioner's vehicle. We agree with the circuit court that the allegations in petitioner's amended complaint do not "amount to a sudden calamitous event . . . but rather illustrate a deterioration-oriented problem, for which the Court in *Capitol Fuels* specifically said it would not allow recovery in strict liability."[8] Thus, we find no error in the circuit court's dismissal of petitioner's strict liability claim under Rule 12(b)(6).

In his final assignment of error, petitioner argues that the circuit court abused its discretion in dismissing his amended complaint with prejudice. Petitioner's argument in this regard simply reiterates his contention that he provided adequate notice of his intent to sue. For the reasons previously stated herein, petitioner's purported notice of intent to sue failed to comply with the statutory requirements therefor. Petitioner offers no additional argument as to why dismissal of his claims, with prejudice, was in error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

---

[8] The circuit court emphasized that petitioner's vehicle was rendered inoperable for a period of time but that the engine was repaired and he resumed using it.

7